# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| STATE OF ARIZONA; <br> STATE OF TEXAS; <br> STATE OF OKLAHOMA; and <br> STATE OF NEVADA, <br><br>             Plaintiffs, <br><br>   v. <br><br> NATIONAL TELECOMMUNICATIONS AND INFORMATION ADMINISTRATION (NTIA); UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF COMMERCE; PENNY PRITZKER, in her Official Capacity as Secretary of Commerce; LAWRENCE E. STRICKLING, in his Official Capacity as Assistant Secretary for Communications and Information and Administrator of NTIA, <br><br>             Defendants. | Civil Action No. 3:16-cv-00274 |

**MOTION OF INTERNET ASSOCIATION, INTERNET INFRASTRUCTURE COALITION, INTERNET SOCIETY, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION, NETCHOICE, MOZILLA, PACKET CLEARING HOUSE, ACT|THE APP ASSOCIATION, AMERICAN REGISTRY FOR INTERNET NUMBERS, INFORMATION TECHNOLOGY INDUSTRY COUNCIL, ACCESS NOW, ANDREW SULLIVAN, TED HARDIE, JARI ARKKO, AND ALISSA COOPER FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* IN OPPOSITION TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**

The proposed *amici curiae* listed in the caption of this paper move for leave to file a brief as *amici curiae* in opposition to Plaintiff State of Arizona's application for temporary restraining order and preliminary injunction.  **Exhibit A** is a proposed copy of the brief, including relevant disclosures regarding the identity and ownership of *amici*. *Amici* have sought consent from the parties for this motion and the filing of an *amicus* brief.  Defendants and Plaintiff the State of Arizona (the movant) have indicated they do not oppose this motion.

## ARGUMENT

I. **THE COURT HAS DISCRETION TO ACCEPT BRIEFS OF *AMICI CURIAE*.**

Federal district courts possess the inherent authority to accept briefs of *amici curiae*.  *In re Bayshore Ford Truck Sales, Inc*., 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *see also Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). "No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief, . . . and in the absence of controlling authority, district courts commonly refer to [Federal Rule of Appellate Procedure] 29 for guidance." *United States ex rel. Gudur v. Deloitte Consulting Llp*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007).  "Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice."  *Id*.  The role of *amici* is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary

presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A. C.P. v. Town of Harrison*, N.J., 940 F.2d 792, 808 (3rd Cir. 1991).

## II. THE PROPOSED BRIEF PROVIDES IMPORTANT CONTEXT REGARDING THE IANA TRANSITION PLAN NOT ADDRESSED BY THE PARTIES.

This case challenges the transition of the IANA functions to private, non-governmental control. The proposed *amici* are organizations and representatives of organizations representing a wide variety of stakeholders in today's global Internet. They also include organizations of technical experts who have helped build, maintain, and safeguard the Internet. They also include public-minded organizations committed to a free, open, and global Internet.

The proposed *amici* uniformly favor the transition to private, non-governmental operation of the root zone file. Many of the proposed *amici* participated in the multi-year process that led to the transition, including by contributing to the transition proposal and by providing testimony to both houses of the United States Congress. The proposed *amici* have reviewed the claims of Plaintiffs in this case and believe they reflect fundamental inaccuracies regarding how the relevant Internet technologies work and the role that IANA functions have played. The proposed *amici* believe they can assist the Court as they have assisted Congress, providing relevant context regarding the transition, its real effects, and its contribution to an open Internet. The proposed *amici* believe that their brief will not unnecessarily duplicate the arguments of the parties. Accordingly, these proposed a*mici* request leave to file the attached brief.

3

Dated:  September 30, 2016                Respectfully submitted,


*/s/ Andrew P. Bridges*
Andrew P. Bridges, Calif. Bar No. 122761
*Attorney-in-Charge*
Email: abridges@fenwick.com
Tyler G. Newby, CSB No. 205790*
Email: tnewby@fenwick.com
Todd R. Gregorian, CSB No. 236096*
Email: tgregorian@fenwick.com
Matthew B. Becker, CSB No. 291865*
Email: mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Armen N. Nercessian, CSB No. 284906*
Email: anercessian@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

*Not admitted in this jurisdiction

Attorneys for *Amici Curiae*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.3 on September 30, 2016.

                                                 */s/     Andrew P. Bridges*
                                                         ANDREW P. BRIDGES