UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STATE OF ARIZONA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-274 |
| | § | |
| NATIONAL TELECOMMUNICATIONS | § | |
| AND INFORMATION | § | |
| ADMINISTRATION (NTIA), *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

As stated on the record in open court, the Court **DENIES** the States' motion for a temporary restraining order and preliminary injunction.

To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. *See, e.g., PCI Transp., Inc. v. Fort Worth & W. R. Co*., 418 F.3d 535, 545 (5th Cir. 2005). As the Fifth Circuit has repeatedly cautioned, "a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion on all four requirements.'" *Id.*

As the petitioners, the States have the burden in this case to show that the elements needed for issuance of an injunction at this stage have been satisfied here. After reviewing the filings, and hearing the arguments of counsel, the Court finds that the States have not carried their burden, and they have not established their right to injunctive relief. Specifically, they have

not shown that there is a substantial likelihood that they will prevail on the merits of this case. Nor have they shown that there is a substantial threat that an irreparable injury will be suffered. Nor have they shown that the threated injury outweighs the threatened harm to the United States. Finally, they have not shown that granting the injunction will not disserve the public interest.

The Court bases these findings on the following: the States have not produced evidence sufficient to carry their heavy burden on these elements. Instead, they provide only the statements and averments of counsel—and hearsay from third parties—to speculate about the future results of possible changes and events in a complex phenomenon, and the role and influence of NTIA over this phenomenon. This is not enough to carry their heavy burden here.

In other words, counsel's statements of what "might" or "could" happen are insufficient to support the extraordinary relief sought in this case. Even if the Court were to find that some past harm or bad acts by the Internet Corporation for Assigned Names and Numbers ("ICANN") impacted the interests of the States in their respective websites and alleged rights at interest, the Court notes that these past harms happened under the exact regulatory and oversight scheme that the States now seek to preserve. This, along with the lack of evidence regarding any predictable or substantially likely events, greatly undermines the States' request for they relief they seek.

The Court therefore **DENIES** the States' motion for a temporary restraining order and a preliminary injunction. (Dkt. 1).

SIGNED at Galveston, Texas, this 3rd day of October, 2016.

George C. Hanks Jr.
United States District Judge